

ROBERT M. WASNOFSKI, JR.
Partner
(212) 415-9244
FAX (646) 417-6839
wasnofski.robert@dorsey.com

July 22, 2010

**VIA ELECTRONIC FILING AND
FEDERAL EXPRESS**

Honorable Leonard D. Wexler
United States District Court Judge
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

    Re:    **Kiss Nail Products, Inc. v. Pacific World Corporation
Civil Action No. 10-CV-2092 (LDW) (AKT)**

Dear Judge Wexler:

    We are counsel to Plaintiff, Kiss Nail Products, Inc. ("KNP"), in the above-referenced matter. We submit this letter pursuant to Rule 2B of Your Honor's Individual Rules and in response to the letter from Defendant Pacific World Corp.'s ("PWC") counsel dated July 1, 2010, requesting a pre-motion conference.

    On May 7, 2010, KNP, a manufacturer and distributor of professional quality artificial finger nail products, filed suit against PWC for making false claims that its artificial finger nail products do not chip. Specifically, PWC's products prominently feature the phrases "CHIP PROOF" and "NO CHIP TIPS! GUARANTEED." PWC's products, however, do indeed chip when used for their intended purpose. Accordingly, KNP asserts claims against PWC for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and for false advertising, deceptive acts and practices and unfair competition under Sections 349 and 350 of the New York General Business Law ("GBL") and the common law of the State of New York.

    In its July 1, 2010 letter to the Court, PWC advised that it intends to file a motion to dismiss KNP's New York statutory and common law claims, as well as transfer venue to the United States District Court for the Central District of California. PWC has not challenged KNP's Lanham Act claim.

    PWC mistakenly asserts that KNP's GBL §§ 349 and 350 claims should be dismissed on the grounds that the Complaint supposedly failed to include allegations that PWC's false claims harm the public interest or that the false claims occurred in New York. PWC's assertion that KNP failed to plead public harm is incorrect. Indeed, allegations of false advertising aimed at the public are sufficient to allege "public harm." *See Weight Watchers Int'l, Inc. v. Stouffer*

*Corp.*, 744 F. Supp. 1259, 1285 (S.D.N.Y. 1990) (allegations of false advertising by competitor of Weight Watchers "clearly would involve a public harm if proved"); *see also Construction Tech., Inc., v. Lockformer Co., Inc.*, 704 F. Supp. 1212, 1222 (S.D.N.Y. 1989) (allegations of false comparative advertising are "a matter certainly affecting the public at large"), *rev'd on other grounds*, 95 F.3d 187 (2d Cir. 1996).

In the present suit, KNP alleged in its Complaint that "PWC's CHIP PROOF and NO CHIP TIPS! GUARANTEED [c]laims constitute false and/or misleading representations of fact with regard to the durability and quality of [PWC's products], and are being made for the purpose of inducing consumers to purchase [PWC's products] …." Compl. ¶ 13.  KNP further alleged in the Complaint that PWC's false claims "cause consumers to be misled" and "to purchase" PWC's products.  In doing so, KNP has sufficiently pleaded harm to the public interest.

PWC overstates the law in this area by arguing that public harm is "generally based on potential danger to the public health or safety."  Both cases cited by PWC for this proposition state that harm to the public at large *includes* potential danger to the public health or safety, but they do not – as improperly suggested by PWC – make potential danger to the public health or safety a *necessary* condition to pleading public harm.  Simply put, successfully pleading injury to the public is not as difficult as PWC would make it seem.  *See, e.g., Ediciones Quiroga, S.L.. v. Fall River Music, Inc.*, 1995 WL 103842, at *8 (S.D.N.Y. Mar. 7, 1995) (allegations of misrepresentations on products and in advertising sufficient to plead public injury even where complaint only explicitly alleged injury to plaintiff).

PWC's further argument that KNP failed to allege that the deceptive acts occurred within New York State is also without merit.  KNP alleged PWC made the false claims within the Southern District of New York.  *See* Compl. ¶ 9 ("PWC . . . sold and/or offered for sale within . . . this Judicial District artificial nail products under the mark NAILENE"); *id.* at ¶ 13 ("These false and/or misleading material misrepresentations [made in regard to PWC's NAILENE products] have been disseminated by PWC in interstate commerce . . . including within this District").  The cases cited by PWC are distinguishable as they either (1) involve out-of-state plaintiffs who did not allege injury or offending transactions occurring in New York,[1] or (2) allege that the defendant's principal place of business was in New York without alleging activity within New York.[2]  Here, Plaintiff alleges PWC's deceptive acts occurred in New York.  Compl. ¶¶ 9, 13.

PWC's fleeting argument that KNP's claim under GBL § 350 is insufficient for supposedly failing to allege "reliance" on PWC's false claims is also unfounded.  KNP alleged PWC's false claims "cause consumers to be misled or deceived …, and cause consumers to

---

[1] *See Goshen v. Mutual Life Ins. Co.*, 774 N.E.2d 1190, 1195 (N.Y. 2002) (dismissal of out-of-state GBL claims where the only activity that occurred in New York with respect to claim was the creation of the allegedly false marketing scheme); *see also Mountz v. Global Vision Prods., Inc.*, 770 N.Y.S.2d 603, 608 (N.Y. Sup. 2003) (out-of-state plaintiff failed to allege any contact occurring within New York State).

[2] *See People ex re. Spitzer v. Direct Revenue, LLC*, 2008 WL 1849855, at *7 (N.Y. Sup. Mar. 12, 2008) ("it is not enough to allege merely that the defendant's principal place of business is in New York" without alleging that some part of the "underlying unlawful transaction" be completed in New York).

DORSEY™

purchase [PWC's products] on the basis of the false and misleading representations of fact." (Compl. 14). Reliance on the false claims was therefore clearly pled.

PWC also argues that KNP's unfair competition claim must fail because it did not allege a misappropriation by PWC of KNP's property. PWC's statement of the law is much too narrow. *See Roy Export Co. Establishment v. CBS, Inc.*, 672 F.2d 1095, 1105 (2d Cir. 1982) ("New York's law of unfair competition is a broad and flexible doctrine that depends more on the facts set forth . . . than in most causes of action."); *see also Telecom Int'l America, Ltd. v. AT&T Corp.*, 280 F.3d 175, 197 (2d Cir. 2001) ("[t]here is no complete list of the activities which constitute unfair competition") (internal citations omitted). In fact, New York's law of unfair competition has been broadly described as "encompassing any form of commercial immorality, or simply as endeavoring to reap where one has not sown . . . ." *See Roy Export Co. Establishment*, 672 F.2d at 1105. As PWC points out, the Complaint includes allegations that the false packaging claims were intended to induce consumers to purchase PWC's products instead of KNP's products, thereby causing damage to KNP. *See* Compl. ¶¶ 13, 16. Thus, KNP alleged an unlawful business injury inflicted by PWC which deprived KNP of the benefit of its labors to sell its artificial nail products. Accordingly, KNP properly stated a claim for unfair competition. *See, e.g., Ronson Art Metal Works, Inc. v. Gibson Lighter Mfg. Co.*, 159 N.Y.S.2d 606, 609-10 (N.Y. 1957) ("[u]nfair competition is a form of unlawful business injury").

Lastly, without citing any case law, PWC argues the Central District of California would be a more proper venue for this action. KNP strongly disagrees. It is well settled that substantial deference is typically accorded the plaintiff's choice of forum. *Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp. 2d 203, 210 (S.D.N.Y. 1998). Moreover, the case should remain in this District given that the false claims were made in New York, the injury to KNP is occurring in New York (KNP's principal office is in Port Washington, New York), most of the witnesses and records regarding plaintiff's damages are located here, and there is certainly familiarity of this Court with the law governing KNP's New York claims. PWC is a large corporation whose products are distributed in New York, throughout the United States and in dozens of countries. As such, it is subject to personal jurisdiction in New York and can easily afford to litigate this matter before this Court. *See, Spotless Enters. Inc. v. Accessory Corp.*, 415 F. Supp. 2d 203, 207 (E.D.N.Y. 2006) (listing factors to be taken into consideration when deciding a motion to transfer). Finally, PWC has advised that it may assert counter-claims against KNP. If that were to occur, a transfer of venue would be inequitable.

The undersigned is prepared to discuss the foregoing at the pre-motion conference scheduled before Your Honor on July 29, 2010.

Respectfully submitted,

Robert M. Wasnofski, Jr.

cc: Defendant's counsel (by ECF and electronic mail)